# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> TALFORD CHARLES BROWN (2), and WILLIAM A. STEEL (3), <br><br> Defendants. | CASE NO. 02cr3171-IEG <br><br> Order Granting in Part and Denying in Part Defendants' Motion to Exclude Co-Conspirator Statements |

Defendants Talford Charles Brown and William A. Steel move the Court in limine to exclude from evidence at trial certain recorded statements made by their co-defendant David Williams and another unindicted individual, Tyrone Sprewell, prior to the date of their arrest. The government argues the evidence is admissible as non-hearsay co-conspirator statements under Fed. R. Evid. 801(d)(2)(E). Defendants argue the government has failed to lay a proper foundation under that Rule. Upon review of the parties' arguments, and following oral argument, the Court GRANTS IN PART AND DENIES IN PART defendants' motion.

## *Discussion*

Pursuant to Fed. R. Evid. 801(d)(2)(E), a statement of a co-conspirator is admissible against a defendant as nonhearsay if it was made "during the course and in furtherance of the conspiracy." The government must demonstrate "that a conspiracy existed at the time the statement was made; the defendant had knowledge of, and participated in, the conspiracy; and the

statement was made in furtherance of the conspiracy." United States v. Bowman, 215 F.3d 951, 960-61 (9th Cir. 2000). "[A]n accused's knowledge of and participation in an alleged conspiracy with the putative coconspirator are preliminary facts that must be established, by a preponderance of the evidence, before the coconspirator's out-of-court statements can be introduced into evidence." United States v. Castaneda, 16 F.3d 1504, 1507 (9th Cir. 1994).

The government cannot rely solely upon the co-conspirator statements themselves to establish these preliminary facts. "The contents of the statement shall be considered but are not alone sufficient to establish the ... existence of the conspiracy and the participation therein of the declarant and the party against whom the statement is offered." Fed. R. Evid. 801(d)(2). Instead, the government "must produce some independent evidence which, viewed in light of the coconspirator statements, establishes the requisite connection between the accused and the conspiracy." Castaneda, 16 F.3d 1504, 1507 (9th Cir. 1994); United States v. Liera, 585 F.3d 1237, 1245 (9th Cir. 2009).

Co-conspirators statements are admissible against a defendant who subsequently joins the conspiracy. United States v. Anderson, 532 F.2d 1218, 1230 (9th Cir. 1976).

> [O]ne who joins an ongoing conspiracy is deemed to have adopted the prior acts and declarations of co-conspirators, made after the formation and in furtherance of the conspiracy. As long as it is shown that a party, having joined a conspiracy, is aware of the conspiracy's features and general aims, statements pertaining to the details of plans to further the conspiracy can be admitted against the party even if the party does not have specific knowledge of the acts spoken of.

United States v. Mkhsian, 5 F.3d 1306, 1312 (9th Cir. 1993), *overruled on other grounds*, United States v. Keys, 133 F.3d 1282 (9th Cir. 1998). However, statements of an alleged co-conspirator "made before the time it can be shown by independent evidence that [defendant] had joined the conspiracy are not admissible to show his participation." United States v. Gee, 695 F.2d 1165, 1169 (9th Cir. 1983); see also United States v. Segura-Gallegos, 41 F.3d 1266, 1272 (9th Cir. 1994).

Here, defendants seek to exclude Williams' statements on November 4, 5, 8, and 13, 2002.

1. November 4, 2002 statements

At the November 4 meeting, Williams told Agent Penate he had two people with whom he had done things before, who were "shooters." He also told Agent Penate the people he deals with are bank robbers who are used to doing far more dangerous deals. The government argues

Williams' statements are admissible to demonstrate Brown and Steel were part of an available and ready crew. However, there is no independent evidence from which it can be deduced that at the time Williams made these statements, there existed a conspiracy to rob a stash house or that Brown and Steel were part of that conspiracy. This was the first meeting between Williams and Agent Penate, where government agents pitched the stash house robbery scheme to Williams. Williams could not form a conspiracy with a government agent, and the government fails to demonstrate by independent evidence that Williams conspired with Brown, Steel, or anyone else (who was not a government agent) at the time these statements were made. The government relies upon the fact Brown and Steel eventually came to the hotel on November 13 and had weapons with them at that time. However, evidence Brown and Steel participated in acts on November 13 and 14 is insufficient to establish the existence of a conspiracy or to show Brown and Steel's connection to that conspiracy, on November 4, 2002.

Throughout this case, Defendants have disputed the government's allegation that Williams conspired with anyone, other than Agent Penate, to rob the stash house. Brown and Steel contest the government's allegation that they participated in such a conspiracy. Although co-conspirator statements are admissible against one who later joins a conspiracy, such statements cannot be used to establish a defendant's participation in the conspiracy unless there is independent evidence the defendant joined the conspiracy as of the time the statements were made. Gee, 695 F.2d at 1169; Segura-Gallegos, 41 F.3d at 1272. There is no independent evidence that Brown or Steel had joined the alleged conspiracy as of November 4, 2002. Therefore, the Court concludes the statements made by Williams during the November 4, 2002 meeting do not fall within Rule 801(d)(2)(E). Defendants' motion to exclude the statements is GRANTED.

2. November 5, 2002 statements

At the November 5, 2002 meeting, Tyrone Sprewell told Agent Penate he and Williams have "done something together in the past," Williams would give him the information, and he would do what Williams pays him to do. The government argues these statements demonstrate Williams was "already involving non-government agent co-conspirators in his plan." Again, however, there is no independent evidence connecting Brown and Steel to the plans discussed by

Williams and Sprewell. The Court GRANTS defendants' motion to exclude statements made by Williams and Sprewell during the November 5, 2002 meeting.

### 3. November 8, 2002 statements

During the November 8, 2002 meeting with Agent Penate, Williams told Agent Penate he had two other guys for the job, aside from Sprewell, and "they knew everything" including about the cocaine. Williams told Agent Penate the two were "pros." There would be three people in total, two to go in and one driver. The government again argues the content of Williams' statement, coupled with the fact the defendants showed up at the hotel on November 13, is independent evidence of the existence of the conspiracy and Brown and Steel's participation in the conspiracy. However, it is pure speculation that Brown and Steel are the "two guys" Williams referred to in his conversation with Agent Penate on November 8. The government has brought forth no independent evidence that Brown and Steel knew of or agreed to participate in the stash house robbery at this time. Therefore, the Court GRANTS defendants' motion to exclude statements made by Williams during the November 8, 2002 meeting.

### 4. November 13, 2002 statements

Finally, during the November 13, 2002 meeting with Agent Penate, Williams made various statements while the two were going over the plan for the next day's robbery. Williams told Agent Penate the other members of the crew were following him, and one of them had done "something like this not too long ago." Defendants in fact showed up at the hotel that evening. In addition, both Brown and Steel were on probation at the time of their arrest for prior burglary charges, corroborating the statement one of the guys had done "something like this not too long ago." This independent evidence, in conjunction with Williams' statements, is sufficient to conclude there was a conspiracy, and Brown and Steel were aware of and participated in such conspiracy, at that point in time. Therefore, Williams' statements during the November 13, 2002 hearing are non-hearsay within the scope of Fed. R. Evid. 801(d)(2)(E) and the Court DENIES defendants' motion to exclude those statements.

///

///

## *Conclusion*

For the reasons set forth herein, the Court GRANTS IN PART AND DENIES IN PART defendants' motion in limine to exclude co-conspirator statements. The Court GRANTS defendants' motion as to statements on November 4, 5, and 8, 2002, and DENIES defendants' motion as to statements on November 13, 2002.

**IT IS SO ORDERED**.

**DATED: October 19, 2011**

**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**